UNITED STATES of America

v.

**Rafael PENN, Defendant.**

**No. 93 CR. 1024(RO).**

United States District Court, S.D. New York.

June 9, 2006.

Michael A. Levy, Assistant United States Attorney, for the Government.

Patrick Joyce, for the Defendant.

### OPINION & ORDER

OWEN, District Judge.

On December 14, 1993, an indictment was filed in this Court, charging defendant Rafael Penn with conspiracy to violate the narcotics laws of the United States, and warrants issued for him and his co-conspirators. It was not until September 30, 2005 that the defendant was produced to the Southern District of New York for prosecution. Defendant moves to dismiss the indictment under the theory that his right to a speedy trial, as guaranteed by the Sixth Amendment to the United States Constitution, has been violated.[1]

---

1. Under the Sixth Amendment, criminal de-   fendants have a right to a speedy trial.

■ Where the length of time between the return of an indictment and the arrest of the defendant exceeds one year, such a passage of time is considered "presumptively prejudicial"—that is, the delay is unreasonable enough to trigger a fact-based *Barker* inquiry. *Doggett v. United States*, 505 U.S. 647, 652 n. 1, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992); *United States v. Blanco*, 861 F.2d 773, 777–78 (2d Cir.1988). Because nearly twelve years passed between the filing of the indictment against Penn and his appearance in this district, a consideration of the remaining three *Barker* factors is indeed necessary.

■ "The question is 'whether the reason for the delay is because the Government breached'" its "duty under normal circumstances to make a diligent good faith effort to locate and apprehend a defendant and bring him or her to trial." *United States v. Agreda*, 612 F.Supp. 153, 157 (E.D.N.Y.1985). The court must also query whether, and to what extent, the defendant contributed to the delay, making the ultimate issue for this court whether the Government or the defendant is more to blame. *Doggett*, 505 U.S. at 651, 112 S.Ct. 2686; *Blanco*, 861 F.2d at 778. Rafael Penn's actions during this period unquestionably frustrated attempts to locate

him. He has admitted that he is an illegal alien and, as a result, made sure only to work "off the books" during his initial years in this country. Moreover, he has not maintained a consistent residence, but rather, has lived "off and on" in the area of Elizabeth, New Jersey since 1993. At least as early as 1997, the defendant purchased and assumed the identity of "Bernardo Izquierdo," and appears to have lived consistently and exclusively under this identity, maintaining a long-term job at Cablevision under that name, until 2004, when he was arrested in Arizona on a warrant for said "Bernardo Izquierdo" issued in the Eastern District of New York.[2] When arrested, he initially identified himself to law enforcement as "Bernardo Izquierdo" and presented identification in that name, only later admitting that he was in fact Rafael Penn.[3] The court is entitled to consider heavily against the defendant the fact that he "attempted to conceal his whereabouts while he was a fugitive by using a false name and false identification." *United States v. Walker*, 92 F.3d 714, 718 (8th Cir.1996); *Blanco*, 861 F.2d at 780 (defendant's "use of a false name and other evasive techniques ... supports the government's contention that before she was arrested [defendant] had

"Whether excessive delay violates the Speedy Trial Clause depends on a balancing of four factors: (1) the length and (2) reason for the delay, (3) whether the defendant timely asserted his rights, and (4) whether the defendant has been prejudiced by the delay." *United States v. Jones*, 91 F.3d 5, 7 (2d Cir. 1996) (citing *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)). In general, "[n]o single factor ... is 'either a necessary or sufficient condition to the finding of a deprivation of the right,' and courts are required to conduct a sensitive balancing process whereby the conduct of *both* the prosecution and the defendant are weighed." *United States v. Perez–Cestero*, 737 F.Supp. 752, 763 (S.D.N.Y.1990).

2. With respect to that warrant, Penn acknowledged attempting to evade apprehension. In

2003, he was informed by his supervisor at Cablevision that "the police" had inquired about him. Rather than either respond to the authorities directly, or simply continue his ordinary routine, he immediately abandoned the job he had held for the previous six years, not even returning to Cablevision to collect paychecks that he had already earned.

3. Defendant was transported to the Eastern District of New York, where he was arraigned and ordered detained pending trial. On February 16, 2005, he pleaded guilty to a superseding indictment, and was sentenced to 18 months' imprisonment on May 20, 2005. The formal judgment imposing the sentence was handed down on June 8, 2005.

no interest in a trial, speedy or otherwise.").

■ Where a defendant "knew of his indictment years before he was arrested ... *Barker*'s third factor, concerning invocation of the right to a speedy trial, would be weighed heavily against him." *Doggett*, 505 U.S. at 653, 112 S.Ct. 2686. In this case, two of the defendant's brothers—Ramon Penn and Luis Diaz—were arrested, prosecuted, convicted, and sentenced on the same indictment that publicly named Rafael Penn as a defendant,[4] all while Penn, by his own admission, remained in the local area, and shortly thereafter assumed a new, false identity. All of which strongly indicates that the defendant was aware of the charges against him in this district long before he was arrested in 2004. Since this factor pertains to his right to be *tried,* the rapidity with which he asserted his right to have the indictment dismissed once he was brought here is irrelevant.

■ Defendant's vague, unsubstantial assertions that his ability to defend himself against these charges has been significantly prejudiced by the delay, because his "memory and ability to track down potential witnesses have been hampered due to the passage of time," are similar to those rejected by the Second Circuit in *Blanco,* where the court was "not likely to be easily persuaded by the complaint of [a defendant] that she was prejudiced by delay when the [defendant] caused the delay ... [S]ince delay can just as easily hurt the government's case, [defendant's] general claim that the delay impaired her defense also lacks force." *Blanco,* 861 F.2d at 780.[5]

Although the application of the *Barker* factors was triggered by the uncommonly long delay in this case, it is clear to this Court that the defendant is to blame for all but the smallest, most recent portion of the delay. A review of those factors reveals that the Indictment should not be dismissed, and the defendant's motion is, accordingly, denied.

So Ordered.

---

**4.** Ramon Penn was arrested on October 25, 1993, and refused to assist in apprehending his brothers. Luis Diaz was arrested the following day. The two were arraigned on December 27, 1993. Both pleaded guilty—Diaz on June 30, 1994 and Penn on January 20, 1994—shortly after wiretap evidence was made available to them. On October 26, 1994, Diaz was sentenced to prison for 14 years. On June 29, 2005, Penn was sentenced to time served, which was nearly 12 years. While the case was proceeding against these two, the Drug Enforcement Administration was searching for Rafael Penn, who remained at large, at first using numerous confidential informants, then over the years reducing its efforts to periodically checking various Government and commercial databases for evidence of his activity.

**5.** Approximately nine months of "delay" are attributable to the need to complete the defendant's case in the Eastern District, and accordingly, that period of time does not weigh against the Government. *See, e.g., United States v. Grimmond,* 137 F.3d 823, 828 (4th Cir.1998) ("Simply waiting for another sovereign to finish prosecuting a defendant is without question a valid reason for delay."). Furthermore, no portion of the delay between June 2005 (when the defendant's sentence was imposed in the Eastern District) and January 2006 (when the defendant was produced to face the instant charge in this district)—attributable to the Government—resulted in any additional prejudice to the defendant, in light of the nearly eleven years of delay—attributable to the defendant—that preceded it.